UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MAYNARD WIZA,

        Plaintiff,

   v.                               Case No. 20-cv-1731-bhl

GARY KRYSHAK, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Maynard Wiza, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint alleging that his attorneys stole from him in 1997. This matter comes before the Court on Wiza's motion for leave to proceed without prepaying the full filing fee, motion for an order to use his release account to hire an attorney, and for screening of the complaint. Dkt. Nos. 1-2, 6.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Wiza filed a motion for leave to proceed without prepayment of the filing fee, along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Dkt. Nos. 2 and 5. The Court assessed an initial partial filing fee of $138.20, which Wiza paid on January 25, 2021. Dkt. No. 7. Accordingly, the Court will grant the motion for leave to proceed without prepaying the filing fee. Wiza must pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1).

## SCREENING OF THE COMPLAINT

The Court has a duty to review complaints filed by prisoner-plaintiffs seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In screening the complaint, the Court determines whether the complaint complies with the Federal Rules of Civil Procedure and states a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must give each defendant notice of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

**ALLEGATIONS**

Wiza is an inmate at the Oshkosh Correctional Institution. Dkt. No. 1 at 1. Defendants are Attorney Gary Kryshak, Attorney Klein, and Attorney Anderson. *Id*.

In 1997, Wiza hired Attorney Gary Kryshak to "handle all of [his] affairs and to handle all exchanges with [] money" after being sentenced to life in prison for first degree intentional homicide. *Id*. at 2-3. Kryshak sold all of Wiza's property including: a house, land, farm equipment (such as tractors), 125 milking cows, 25 heifers, two motorbikes, two cars, a truck, a van, and other personal property. *Id*. Wiza's property should have been worth at least $400,000 to $500,000, but Kryshak "took advantage of him" thinking that Wiza "wouldn't be getting out." *Id*. Wiza states that Kryshak "put a $250,000 insurance policy out on [Wiza's] property," then intentionally burned down the property and kept the money for himself. *Id*. at 3-4. Kryshak also "released" Wiza's vehicles from the police station to people no one had ever heard of. *Id*. at 4.

The Parole board recently gave Wiza a 6-month deferral plan, so Wiza will be going home soon. *Id*. at 3. Wiza then had someone contact Kryshak about all of his money. *Id*. Kryshak allegedly told this person that he no longer had records of the sales given all of the time that has passed since his representation of Wiza (more than two decades). *Id*. Kryshak said that two other local attorneys, Attorney Klein and Attorney Anderson, assisted him with the estate sales. *Id*.

For relief, Wiza asks the Court to force Kryshak to pay him what was stolen and to force all three attorneys to provide "proper paperwork" showing where his stuff went and how much it sold for. *Id*. at 5. He wants all three attorneys disbarred and Kryshak criminally charged for burning his house down. *Id*.

3

ANALYSIS

Wiza asks to proceed with federal and state law claims. Dkt. No. 1 at 5. It's unclear what claim he seeks to assert under federal law. *See id*. To state a claim under 42 U.S.C. §1983 (the statute most prisoners use to file a claim in federal court), Wiza must allege that he was "deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Private attorneys, especially those who have represented an inmate in a civil matter, do not act under the color of state law. *See Agrawal v. Pallmeyer*, 313 F. App'x 866, 868 (7th Cir. 2009). Wiza therefore fails to state a claim for relief under §1983. And the Court is not aware of any other federal law that would clearly apply to this case.

While the Court also has jurisdiction to decide state law claims under its diversity jurisdiction, Wiza does not allege claims falling within that jurisdiction. To proceed with a state law claim under the Court's diversity jurisdiction, Wiza must allege that he and the defendants are citizens of different states and the amount of money in controversy is more than $75,000. 28 U.S.C. §1332; *see also Banks v. Preston Humphrey, LLC*, 609 F. App'x 351, 353 (7th Cir. 2015). Wiza states that he is a citizen of Wisconsin. Dkt. No. 1 at 1. He states that Attorney Kryshak is employed by a law firm in Wisconsin Rapids. *Id*. at 2. Wiza does not specify where Attorney Klein and Attorney Anderson worked or their citizenship, but the factual allegations suggest that they were local attorneys who likely are also Wisconsin citizens. All parties appear to be Wisconsin citizens; thus, Wiza's allegations do not satisfy diversity jurisdiction.

The issue of diversity aside, the Court notes that this lawsuit is also probably barred by Wisconsin's statute of limitations. *See* Wis. Stat. §893.53 ("An action to recover damages for an

4

injury to the character or rights of another, not arising on contract, shall be commenced within 3 years after the cause of action accrues."). The alleged events occurred in 1997. With reasonable diligence, Wiza should have known of the injury at that time or shortly thereafter. *See Hennekens v. Hoerl*, 160 Wis.2d 144, 465 N.W.2d 812 (1991) (noting a claim for legal malpractice accrues in Wisconsin when the plaintiff knows of or, "in the exercise of reasonable diligence," should have discovered his injury, its nature, its cause, and the identity of the allegedly responsible defendant). Wiza alleges that he did not look into what happened with his money until recently, about two decades after everything was sold, when he found out he was being released from prison. Wiza's case therefore is also probably barred by the statute of limitations. The Court will dismiss this case.[1] *See e.g. Olrich v. Kenosha Cty.*, No. 19-2559, 2020 WL 6112298, at *1 (7th Cir. Oct. 16, 2020) (concluding district courts are authorized to "dismiss a case under § 1915A as untimely when the complaint alleges facts that reveal that the claims are time-barred").

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS ORDERED** that the plaintiff's motion for an order to use his release account to hire an attorney (Dkt. No. 6) is **DENIED** as moot.

**IT IS ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$211.80** balance of the filing fee by collecting monthly payments from

---

[1] Because the Court is dismissing this case, it will deny as moot Wiza's motion to use his release account to hire an attorney for this case.

5

the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.